AMERICAN SAMOA GOVERNMENT

v.

MALESALA aka TAULAGA MASANIAI, Defendants

High Court of American Samoa
Trial Division

CR No. 9-87

September 14, 1987

Before REES, Chief Justice.

Counsel: For the Government, William Van Hook,
         Assistant Attorney General
      For Defendant, Soli Aumoeualogo,
         Public Defender

At the hearing on the latest of several post
trial motions by Mr. Masaniai, the Court observed
the presence of Mr. Masaniai in the courtroom.
This was something of a surprise, since (1) his
presence was unnecessary for the motion that was
being heard; (2) Mr. Masaniai is serving a term in
the correctional facility as a condition of

-152-

probation, is therefore under the direct jurisdiction of the Court, and is subject to a Court order that he not be released for any reason except with the permission of the Court; and (3) the Court had reminded the Government of this on at least one prior occasion.

The Court requested an explanation from counsel for the Government. Counsel has notified the Court that the response of the warden and the Commissioner of Public Safety is that "It is their interpretation of the sentencing order that Court appearances do not constitute a release program, and as such it was not a violation of the order to allow Mr. Masaniai to come to Court for post conviction motions."

This interpretation is incorrect. As the Court has made clear orally and in writing on a number of occasions, prisoners who are under the direct jurisdiction of the Court are not to be released for any reason without the permission of the Court. The only exception to this rule is emergency medical treatment.

The Justices of the High Court have imposed detention as a condition of probation in a number of cases, including this one, precisely in order to monitor and control the extent to which these prisoners are allowed to leave the correctional facility. Although the statute allowing the Court to impose such detention requires that such a sentence be substantially shorter than would be permissible if the prisoner were under the jurisdiction of the warden rather than the Court, the Justices have come to believe that a year or two of genuine incarceration may be a more effective punishment than a longer sentence that is not really served. Until about a year ago prisoners were being routinely released back into the community under such pretexts as "work release" and "weekend release." The abuse of these programs seems to have diminished as a result of the Court's efforts as well as those of the Governor and the Commissioner. The point of these efforts, however, is not just to require a prisoner who wants a trip into town to use a different reason than he would have used last year; it is to put criminals in jail rather than elsewhere.

This is not to say that release will never be granted by the Court. Obviously, if a prisoner's presence is necessary for the fair hearing of a post trial motion, arrangements will be made for

-153-

him to be brought to the courthouse. There are even legitimate occasions for work release and other programs that allow for a prisoner's reintegration into the community. In the case of prisoners who are within the Court's jurisdiction, however, no release will be granted until the Court is satisfied that it does not pose a threat to the community. Danger and necessity are difficult questions to judge; in the case of prisoners who have been sentenced to detention as a condition of probation, the judgment must be made by the Court rather than by prison officials or the prisoner himself.